UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAIME LYNETTE ALLEN,

                Plaintiff,

    v.

CLARK COUNTY et al.,

                Defendants.

CASE NO. C25-5486 BHS

ORDER

THIS MATTER is before the Court on defendant Washington State Department of Children, Youth and Families (DCYF)'s Federal Rule of Procedure 12(b)(1), (5), and (6) motion to dismiss, Dkt. 23, and on pro se plaintiff Jaime Allen's responsive motion to file an amended complaint, Dkt. 25.

On June 2, 2025, Allen sued[1] Clark County, its Sherriff's department, two of its judges, DCYF, the City of Vancouver, the City of Richfield and its police department,

---

[1] She claimed she has lost every motion in superior court and at every appellate court she has tried, including the Supreme Court of the United States. *Id*. at 5. She asserts that the Clark County Court has denied her due process. *Id*. She asserts that the court and the other defendants have conspired against her, discriminated against her, and engaged in criminal and unconstitutional conduct. *Id*.

ORDER - 1

and CRESA for violations of her 14th Amendment due process rights in connection with her efforts to obtain full custody of her daughter. Dkt. 3 at 1–4.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a summons and complaint within 90 days, absent a showing of good cause for an extension. Allen did not obtain summonses until December, and did not purport to serve any defendant until December 11, 2025. Dkts. 6 and 9–17.

Within two weeks of service, Clark County answered, DCYF moved to dismiss, and Allen filed a "second amended complaint," naming some 43 additional defendants, from FOX News to law firms to hair stylists to car dealers to health care providers, retailers, schools, realtors, shipping companies, and two volleyball clubs. Her operative pleading does not allege any facts about the vast majority of the named defendants. Dkt. 22.

A properly filed amended complaint generally moots a pending motion to dismiss. *See Frazier v. City of Fresno*, No. 1:20-cv-01069-ADA-SAB, 2023 WL 1786228, at *1 (E.D. Cal. Feb 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot."). But this rule does not apply where the new pleading is essentially identical and the flaws in it remain the same. *See Skistimas v Hotworx Franchising, LLC*, No. 3:23-cv-05974-DGE, 2024 WL 3401023, at *1–2 (W.D. Wash. July 12, 2024).

Allen's amended complaint, Dkt. 22, is no more specific than was her original filing. It broadly asserts:

> Through a coordinated and organized effort and pattern of behavior of Civil RICO to remove Ms. Allen from her daughter's life, her fundamentally protected right to make decisions regarding the care, custody, and control of her child under the due process clause of the 14th amendment was violated by the defendants named in the complaint.

Dkt. 22 at 15. Allen contends the conduct of which she complains began in 2011 and happened in Washington, Illinois, California and Nevada. *Id.* She describes the conduct of very few defendants, and does not mention DCYF.

DCYF's motion correctly asserts that Allen's conclusory and vague claims do not mention it or any of its agents, and that even if she did otherwise articulate a claim against it, as a state agency it is entitled to sovereign immunity under the Eleventh Amendment. It also argues she has failed to timely serve it under Federal Rule of Civil Procedure 4. These arguments are valid, and they apply with equal force to the operative complaint.

Allen did not respond to the motion, and instead asked for leave to amend a second time. Dkt. 25. Her motion does not include a redlined copy of the proposed amended complaint, as required by Local Rule 15. Nor does she articulate what she would add or change to address the flaws identified in DCYF's motion.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows *the court to draw*

ORDER - 3

*the reasonable inference* that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

Although courts must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Courts may also deny leave to amend when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Allen's complaint against DCYF (or any other defendant) does not meet this standard. She has not articulated any fact related to DCYF or any of its employees or

agents; she has simply named it as a defendant in her due process/conspiracy complaint. Nor has Allen demonstrated that she could articulate such a claim, or why or how DCYF is not entitled to sovereign immunity. Nor has she demonstrated that she timely and properly served a summons and complaint consistent with Rule 4 on DCYF, or any other defendant.

Indeed, Allen has not articulated facts supporting her conclusory allegation that any defendant violated her rights. She has not articulated the "who what when where why and how" of a factual story allowing *the Court* to draw the reasonable inference that *any* defendant is liable for the misconduct alleged. Her claims are purely conclusory, vague, and speculative.

And, even if she had articulated fact otherwise supporting a viable claim against any defendant, her core claims—she was denied due process in state court proceedings that she apparently consistently lost—those claims are not cognizable in this Court.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

ORDER - 5

Allen's claims against the Court and its staff are barred by absolute judicial immunity. Judicial officers are immune from actions arising from the discharge of official duties. *Mireles v. Waco*, 502 U.S. 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11; *see also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*. Judicial immunity extends to judges and "certain others who perform functions closely associated with the judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)); *see also Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also apply to court staff "when they perform tasks that are an integral part of the judicial process," unless they act in the "clear absence of all jurisdiction").

This immunity cannot be overcome by allegations of legal error, bad faith, or malice. *Id.* Rather, judicial or quasi-judicial immunity may only be overcome when a judicial officer acts outside his or her judicial capacity or in the complete absence of all jurisdiction. *Id.*

42 U.S.C. § 1983 contains no statute of limitations. Federal (and state, for that matter) courts instead "borrow" § 1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which provides a three-year limitations period. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the

ORDER - 6

limitations period for a § 1983 claim is three years. If, to the extent Allen asserts claims based on conduct between 2011 and June 2022, her claims are facially time-barred.

DCYF's motion to dismiss for lack of subject matter jurisdiction, for failure of service, and for failure to state a plausible claim, Dkt. 23, is **GRANTED**, and all of Allen's claims against it are **DISMISSED** with prejudice. A similar conclusion is inevitable as to many of the other defendants.

Nevertheless, the Court will permit Allen one more opportunity to file an amended complaint articulating facts—the who what when where why and how—of a plausible claim against any other defendant, consistent with this order. It is inconceivable she could state a plausible claim against every defendant she has named, and any amended complaint should not name defendants who do not otherwise appear in the required "who what when where why and how" factual narrative supporting a plausible claim.

Allen must also **SHOW GOOD CAUSE** why she has not timely or properly served the existing defendants under Rule 4. She should do both within **21 days.**

If she does neither, this case will be dismissed without leave to further amend. Allen's motion to amend, Dkt. 25, is to this extent, **GRANTED**.

Any other pending motions are **DENIED** without prejudice to re-file if Allen shows good cause for the failure to timely serve and files an amended complaint.

**IT IS SO ORDERED**.

//

//

//

ORDER - 7

Dated this 17th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8